UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL F. HARRISON, | No. 2:16-cv-1130 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| FLORES, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted the required screening and finds that plaintiff's complaint must be dismissed. The court will give plaintiff a chance to cure the deficiencies in his pleadings by granting plaintiff leave to file an amended complaint.

The Court, notes, however, that plaintiff's current complaint is too long. If plaintiff elects to file an amended complaint, it must be limited to 20 pages. Much of the information in plaintiff's original complaint is not relevant and meaningful to any cognizable claim arising under federal law. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Further, plaintiff attempts to join too many claims against too many defendants in his original complaint. As a general rule, plaintiff may include as many claims as he likes with respect to one defendant in one action. However, claims against additional defendants in the same action must be related in some meaningful way to claims asserted against the first defendant. See Fed. R. Civ. P. 20(A)(2).

In addition, plaintiff names several defendants in their capacities as supervisors. This is generally not sufficient in a 42 U.S.C. § 1983 action. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Jones, 733 F.2d at 649. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that if he elects to file an amended complaint, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local

1 | Rule 220 requires that an amended complaint be complete in itself without reference to any prior
2 | pleading.  This is because, as a general rule, an amended complaint supersedes the original
3 | complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
4 | complaint, the original pleading no longer serves any function in the case.  Therefore, in an
5 | amended complaint, as in an original complaint, each claim and the involvement of each
6 | defendant must be sufficiently alleged.

7 | In accordance with the above, IT IS HEREBY ORDERED that:

8 | 1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

9 | 2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
10 | shall be collected and paid in accordance with this court's order to the Director of the California
11 | Department of Corrections and Rehabilitation filed concurrently herewith.

12 | 3.  Plaintiff's complaint is dismissed.

13 | 4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
14 | complaint that complies with the requirements of this order, the Civil Rights Act, the Federal
15 | Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
16 | docket number assigned this case and must be labeled "Amended Complaint"; failure to file an
17 | amended complaint in accordance with this order will result in a recommendation that this action
18 | be dismissed.

19 | Dated:  August 30, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr1130.14