UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HARRISON,<br><br>           Plaintiff,<br><br>      v.<br><br>FLORES, et al.,<br><br>           Defendants. | No.  2:16-cv-1130 MCE CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
8  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
10 this standard, the court must accept as true the allegations of the complaint in question, Hospital
11 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
12 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
13 McKeithen, 395 U.S. 411, 421 (1969).

14      The court finds that plaintiff's amended complaint fails to state a claim upon which relief
15 can be granted. The amended complaint must be dismissed, but plaintiff will be given an
16 opportunity to cure the deficiencies in his pleadings in a second amended complaint.

17      If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
18 the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
19 statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff asserts he has been
20 subjected to harmful conditions of confinement. Plaintiff is informed that the Eighth
21 Amendment's prohibition of cruel and unusual punishment imposes on prison officials, among
22 other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer
23 v. Brennan, 511 U.S. 825, 832 (1991). An inmate's Eighth Amendment rights can only be
24 violated by a prison official if that official exposes an inmate to a "substantial risk of serious
25 harm," while displaying "deliberate indifference" to that risk. Id. at 834.

26      Also, the second amended complaint must allege in specific terms how each named
27 defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some
28 affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo

1 v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official
2 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
3 268 (9th Cir. 1982).

4     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
5 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
6 complaint be complete in itself without reference to any prior pleading.  This is because, as a
7 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
8 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original
9 pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as
10 in an original complaint, each claim and the involvement of each defendant must be sufficiently
11 alleged.

12     In accordance with the above, IT IS HEREBY ORDERED that:

13     1.  Plaintiff's amended complaint is dismissed; and

14     2.  Plaintiff is granted thirty days from the date of service of this order to file a second
15 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
16 of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
17 docket number assigned this case and must be labeled "Second Amended Complaint;" failure to
18 file a second amended complaint in accordance with this order will result in a recommendation
19 that this action be dismissed.

20 Dated:  March 22, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr1130.14(a)