UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLORES, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-1130 MCE CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On two prior occasions, plaintiff submitted pleadings to the court which the court screened pursuant to its obligation to do so under 28 U.S.C. § 1915A(a). Both complaints were dismissed with leave to amend and with instructions as to the contents of the amended pleadings. The court now screens plaintiff's second amended complaint.

First, the second amended complaint is 31 pages which violates the 20 page limit imposed in the court's first screening order. As with plaintiff's original complaint, much of the information in plaintiff's second amended complaint is not relevant and meaningful to any cognizable claim. Also, much of the material in plaintiff's second amended complaint concerns the actions of "Doe" defendants which serves no purpose in this court. If plaintiff is not aware of

1

1  the name of a defendant against whom he believes he has a claim, he may seek leave to amend his
2  pleadings when he does become aware.

3  Second, the allegations are generally still too vague as plaintiff fails to allege specific facts indicating the actions of any defendant or at least their deliberate indifference to a substantial risk of serious harm actually resulted in actionable injury to plaintiff.[1]  See Farmer v. Brennan, 511 U.S. 825, 834 (1991).  Plaintiff identifies certain defendants in their capacities as supervisors. This is generally not sufficient in a 42 U.S.C. § 1983 action.  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

For all these reasons, plaintiff's second amended complaint will be dismissed.  Plaintiff will be granted one final opportunity to amend his pleadings.  The third amended complaint must comply with this order and the previous two screening orders.  In particular, the third amended complaint cannot exceed 20 pages, must be double spaced and must have standard margins and font size.

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that a third amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

---

[1] Plaintiff's allegation that defendant Sgt. Rodrigues said "hey Harrison, we have a new boyfriend for you" before Rodrigues placed an inmate in plaintiff's cell who ultimately attacked and "sodomized" plaintiff (ECF No. 21 at 18) comes the closest to stating a claim upon which plaintiff might proceed under the Eighth Amendment. In plaintiff's third amended complaint, plaintiff should provide other specific facts, if they exist, tending to show that Rodrigues was at least deliberately indifferent to a substantial risk of serious harm when he put the inmate in plaintiff's cell. Such facts would include any information plaintiff has suggesting Rodriques knew that particular inmate meant plaintiff harm.

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's second amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of this order, the court's prior screening orders (ECF No. 7 & 14), the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "third Amended Complaint;" failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 6, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr1130.14(b)